UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TERRANCE PASCHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-03593-JRS-DML |
| | ) | |
| WEXFORD HEALTH CARE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANT SMITH'S MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Terrance Paschall, a former inmate at New Castle Correctional Facility ("New Castle") brought this lawsuit pursuant to 42 U.S.C. § 1983 alleging, in relevant part, that when he was confined at New Castle, the defendant Ms. Smith removed him from a special diet in violation of the Eighth Amendment. Defendant Ms. Smith has moved for summary judgment arguing that Mr. Paschall failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before he filed this lawsuit. For the following reasons, Ms. Smith's motion for summary judgment, dkt. [56], is **granted**.

**I.
LEGAL STANDARD**

A motion for summary judgment asks the Court to find that there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing

that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).

The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018).

## II. BACKGROUND

### A. Offender Grievance Process

The Indiana Department of Correction ("IDOC") has a standardized offender grievance process. Dkt. 58-1 at 1. Information about the Offender Grievance Process is included with the Admission and Orientation Paperwork provided to inmates upon their arrival at New Castle. *Id.* at 2. A copy of the policy is also available to offenders through the law library. *Id*. The purpose of the grievance process is to provide offenders committed to IDOC with a means of resolving concerns and complaints related to the conditions of their confinement. *Id.*

During the relevant period, the IDOC grievance process consisted of four steps: (1) attempting to resolve the grievance informally, (2) submitting a formal grievance following unsuccessful attempts at informal resolution; (3) submitting a written appeal to the facility Warden/designee; and (4) submitting a Level II written appeal to the IDOC Grievance Manager. *Id.* at 3. The Offender Grievance Manager's decision regarding the grievance is final. *Id*. Once the offender receives the Offender Grievance Manager's appeal response, the offender has exhausted all remedies at the IDOC level. *Id*. at 3.

Upon reviewing Mr. Paschall's grievance history, Grievance Specialist Hannah Winningham did not find any grievances submitted by Mr. Paschall that referenced Ms. Smith removing him from a special diet. *Id.*

## III.
## DISCUSSION

Ms. Smith seeks summary judgment arguing that Mr. Paschall failed to exhaust his available administrative remedies as required by the PLRA. The PLRA requires that a prisoner exhaust his available administrative remedies before bringing suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Thus, "to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004). It is the defendants' burden to establish that the administrative process was available. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

Here, Ms. Smith argues that the undisputed evidence demonstrates that Mr. Paschall did not file a grievance in compliance with the grievance policy before filing this action, and he therefore failed to exhaust his administrative remedies. *See* dkt. 58. In his response, Mr. Paschall does not claim to have filed a grievance pertaining to Ms. Smith's alleged conduct regarding his diet, but rather focuses on his exhaustion of remedies with respect to the other defendants, who have since withdrawn their exhaustion defense. *See* dkts. 63, 64. His designated evidence similarly fails to demonstrate that he filed any such grievance about Ms. Smith's alleged conduct. *See* dkt. 63-1.

Accordingly, because Mr. Paschall failed to exhaust his available administrative remedies with respect to Ms. Smith, his claims must be dismissed without prejudice. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "all dismissals under § 1997e(a) should be without prejudice.").

## IV.
## CONCLUSION

For the reasons explained above, the defendant's motion for summary judgment, dkt. [56], is **granted**, and the plaintiff's claim against Ms. Smith is **dismissed without prejudice**. The clerk **is directed** to terminate Ms. Smith on the docket. No partial judgment shall issue.

SO ORDERED.

Date:   12/18/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TERRANCE PASCHALL
146997
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com

Heather Terese Gilbert
CASSIDAY SCHADE LLP
hgilbert@cassiday.com

Emily Kathleen VanTyle
CASSIDAY SCHADE LLP
evantyle@cassiday.com